# Exhibit C

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOXIN FREE USA, P.O. Box 458 Unionville, CT 06085,<br><br>     Plaintiff,<br><br>  v.<br><br>THE J.M. SMUCKER COMPANY, 4400 Easton Commons Way, Suite 125, Columbus, OH 43219, and AINSWORTH PET NUTRITION, LLC, 18746 Mill St., Meadville, PA 16335,<br><br>     Defendants. | Case No. _____ |

## DECLARATION OF RONALD Y. ROTHSTEIN IN SUPPORT OF
## DEFENDANTS' NOTICE OF REMOVAL

I, Ronald Y. Rothstein, declare as follows in accordance with 28 U.S.C. § 1746:

1.  I am a licensed attorney in good standing admitted to practice in the District of Columbia.

2.  I am counsel to Defendants the J. M. Smucker Company ("Smucker") and Ainsworth Pet Nutrition, LLC ("Ainsworth").

3.  On November 20, 2019, counsel for Plaintiff in this matter served discovery requests upon Defendants.

4.  In the November 20, 2019 Request for Production directed at Ainsworth, Request 30 requested the production of, "All documents Defendant intends to offer in defense of Plaintiff's claims, including but not limited to any documents Defendant intends on using in support or opposition of summary judgment, or as trial exhibits."  A copy of Plaintiff's November 20, 2019 request for production to Defendant Ainsworth is attached to this Declaration as Exhibit 1.

5.     On February 3, 2020, Defendants responded to Plaintiff's discovery request.  In response to certain discovery requests, Defendants objected that "the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, and unreasonable."  A copy of Defendants' February 3, 2020 Response to Plaintiff's request for production to Defendant Ainsworth is attached to this Declaration as Exhibit 2.

6.     On February 28, 2020, counsel for Plaintiff and Defendants held a meet and confer to discuss outstanding discovery issues.

7.     During that meet and confer, counsel for Plaintiff asked counsel for Defendants if the objection that "the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, and unreasonable" was included as a mistake.

8.     Defendants' counsel responded that it was not a mistake.

9.     Defendants' counsel responded that it was not clear from the face of the Complaint whether Plaintiff intended to pursue class claims.

10.    Plaintiff's counsel responded that the Complaint was clear.

11.    Defendants' counsel asked Plaintiff's counsel whether Plaintiff intended to pursue class claims.

12.    Plaintiff's counsel responded that Defendants' counsel should "read the Complaint."

13.    Because it was not clear from the face of the Complaint that Plaintiff intended to pursue class claims, and because Plaintiff asked if the inclusion of class based objections was a "mistake," Defendants' counsel understood this to mean that Plaintiff was not pursuing class claims.

14.    On March 18, 2020, Plaintiff served upon Defendants amended requests for discovery.

15.    In the March 18, 2020 Request for Production directed at Ainsworth, Request 30 requested the production of "All documents Defendant intends to offer in defense of Plaintiff's claims, including but not limited to any documents Defendant intends on using in *connection with its opposition to class certification (should Defendant intend on opposing class certification), in* support or opposition of summary judgment, or as trial exhibits." (alteration italicized).  A copy of Plaintiff's March 18, 2020 request for production to Defendant Ainsworth is attached to this Declaration as Exhibit 3.

16.    On the basis of this amended discovery request, Defendants were able to first understand with reasonable certainty that Plaintiff intended to pursue class claims in this case.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on:    April 17, 2020

By:    _____

Ronald Y. Rothstein

# Exhibit 1

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| TOXIN FREE USA,<br><br>      Plaintiff,<br><br>   v.<br><br>THE J.M. SMUCKER COMPANY, and<br>AINSWORTH PET NUTRITION, LLC,<br><br>      Defendants. | Case No. 2019 CA 003192 B |

## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT AINSWORTH PET NUTRITION, LLC

Plaintiff Toxin Free USA, by and through its attorneys, hereby submits the following Document Requests to be answered in writing and under oath by Ainsworth Pet Nutrition, LLC ("You," "Ainsworth," or "Defendant"). Defendant's response is due within 30 days from service as required by Super. Ct. Civ. R. 34(b)(2) or at such other time as the parties agree.

### DEFINITIONS

1.  "You" and "your" refer to Defendant, including (as may apply depending upon the time frame of a given request), its parent and subsidiary companies, its predecessors-in-interest, its successors-in-interest, its executives, officers, agents, and employees and any other person acting on its behalf, including attorneys.

2.  "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.  "Document" and "documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Super. Ct.

Civ. R. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

4.      "Concerning" means relating to, referring to, describing, evidencing, or constituting.

5.      "Person" is defined as any natural person or any legal entity, including, without limitation, any business, governmental entity, or association.

6.      "Third party" means an entity other than the parties to this action.

7.      "Market," "marketing," and "marketing materials" mean the use of any print advertisement, Internet advertisement, social media presence, radio advertisement, television advertisement, billboard, banner advertisement, website, letter, postcard, brochure, pamphlet, label, packaging, offer, placard, in-store display, employee uniform, dining ware (including, but not limited to cups and napkins), product packaging, bag, or other attempt, effort, or process that conveys any information, invitation, or offer to any person to become aware of, purchase, review, compare, or otherwise acquire any Product.

8.      "Products" means Defendant's lines of Super Premium Food for Dogs and Super Premium Food for Cats, including, but not limited to, the "Real Chicken & Brown Rice Recipe" Super Premium Food for Cats and "Real Beef, Pea & Brown Rice Recipe" Super Premium Food for Dogs.

9.      "Purchase" means to acquire for consideration, including with or by cash, check, money order, refund, debit card, credit card, gift certificate, exchange, or store credit.

10.     "Customer" and "consumer" mean the end purchaser of the Products.

**INSTRUCTIONS**

1.      The Requests set out below apply to all documents in your possession, custody or control, or in the possession, custody or control of persons acting or purporting to act on your

behalf, including, but not limited to: all of your facilities, divisions, corporate parents and subsidiaries, merged and acquired predecessors, affiliates, officers, directors, agents, consultants, attorneys, investigators, and insurers.

2.      You should produce documents separately, as far as reasonably practical, according to each of the numbered paragraphs set forth below. To the extent documents are furnished in connection with one Request, you need not re-produce them in response to a subsequent Request.

3.      Pursuant to Sup. Ct. Civ. R. 34(b)(2)(E)(i), please organize and label the Documents you produce to indicate the request(s) to which they respond.

4.      Each request below extends to any Documents in Defendant's possession, custody or control. A Document is in Defendant's possession, custody, or control: (i) if it is in Defendant's physical custody or (ii) if it is in the physical custody of any other person and Defendant: (a) owns such Document in whole or in part; (b) has a right by contract, statute, or otherwise to use, inspect, examine, or copy such Document on any terms; (c) has an understanding, express or implied, that Defendant may use, inspect, examine, or copy such Document on any terms; or (d) has, as a practical matter, been able to use, inspect, examine, or copy such Document when Defendant has sought to do so. Such Documents shall include, without limitation, Documents in the custody of Defendant's attorneys or other agents.

5.      These requests are continuing in nature pursuant to Sup. Ct. Civ. R. 26(e) and require timely supplementation if you obtain, create, develop, or discover further responsive information or determine your existing responses are inaccurate, inadequate, or incomplete.

6.      Please set forth the actual language of each request in full immediately prior to your response or objection to the request.

7.      If you object to any request, specify the part to which you object, state your

3

objection(s), state all factual and legal justifications that support your objection(s), and respond to the remainder of the request to which you do not object.

       8.     If an objection is made to any request herein, all Documents covered by the request not subject to the objection should be produced.

       9.     With respect to any document that you refuse to produce on the ground of attorney-client privilege, on the ground of privilege for materials prepared in anticipation of litigation or for trial, or on the ground of any other privilege, please state the following:

          a.     the full identity of the document, including the following:

               i.     the date of the document;

               ii.     its title (if any);

               iii.     its authors, addresses, recipients, or parties;

               iv.     the nature of the document (*e.g.*, letter, memorandum, *etc.*);

               v.     the individual or source from whom or from which you obtained it; and

               vi.     its present location and identity of its custodian;

          b.     whether your objection or refusal is directed to the entire document or part thereof;

          c.     if your objection or refusal goes to part of the document, specify the specific part(s) of the document to which your objection or refusal is directed;

          d.     the specific factual basis which gives rise to the objection or refusal; and

          e.     the specific legal ground on which the objection or refusal is based.

       10.     If a requested document is no longer in your possession, subject to your control, or is no longer in existence, you should include in your response to the Request:

a.    whether the document is: missing or lost, destroyed, transferred to another, or has been otherwise disposed of;

b.    the reasons for, and circumstances surrounding, any of these dispositions;

c.    the date or best approximate date of any such disposition;

d.    its type (e.g., letter, interoffice memo), subject matter, title, date, and the number of pages thereof;

e.    the identity of each person who participated in its preparation;

f.    the identity of each of its signers;

g.    the identity of each person to whom it was addressed or sent or by whom it was reviewed or received; and

h.    the identity of each person represented or purportedly represented by the persons identified in response to subparagraphs (b), (c) and (d), above.

11.    If any Document requested was transferred to a third party over whom you claim to lack control, please identify: (i) the Document by author, date, and subject matter, (ii) the date and circumstances surrounding the transfer, (iii) the reason for the transfer, (iv) the person or entity to whom transferred, (v) the present location of the Document, and (vi) the date and manner in which you can or may obtain the Document.

12.    Plaintiff requests that you produce each Document that is responsive to these requests, along with all drafts thereof, in its entirety without abbreviation or redaction. If any portion of a Document is responsive to a request, the entire Document shall be produced, including any and all attachments thereto.

13.    The omission of any Documents or things from your responses shall be deemed a representation that such Documents and things are not known to you, your agents, counsel, or other

representatives at the time of the service of the responses or thereafter. Plaintiff may, before or at the time of hearing, move the Court for an Order excluding from evidence all tangible or intangible Documents or things that were known to Defendant at the time of its responses to these requests but not disclosed in its responses thereto.

14. The use of the singular herein shall be deemed to include the plural.

15. The use of the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16. The terms "all," "any," and "each" shall be construed as encompassing any and all.

17. For purposes of interpreting or construing the following requests, the terms used are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the request itself. Verb tenses shall be interpreted to include past, present, and future tenses; references to a gender shall be interpreted to include the masculine, feminine, and neuter; and the word "including" should be read as "including, but not limited to" and the word "includes" should be read as "includes, but is not limited to."

18. Defined terms may or may not be capitalized or made uppercase; the given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

19. Unless otherwise specified, all requests are limited to information pertaining to the manufacture, marketing, and sale of the Products within the District of Columbia, including information pertaining to any decisions and actions affecting the manufacture, marketing, and sale of the Products within the District of Columbia, regardless of where those decisions or actions took place.

20.     Unless otherwise specified, all requests cover the period from May 2016 through the present, including information pertaining to any decisions and actions affecting the manufacture, marketing, and sale of the Products during that time period, regardless of when those decisions or actions took place.

## DOCUMENT REQUESTS

1.     All Documents referred to or relied upon in responding to Plaintiff's First Set of Interrogatories.

2.     Documents sufficient to show all Products which are or were labeled as "Natural" or as containing "no . . . artificial preservatives".

3.     Documents sufficient to show all labeling and packaging of the Products, including the dates for which each label and package was in use.

4.     Documents sufficient to show all marketing of the Products that were placed at or within retail locations, including the dates for which each item was in use.

5.     All Documents concerning studies relating to the marketing, advertising, and labeling of the Products, including quantitative and qualitative analyses, marketing studies, market research, focus group reports, customer surveys, and sales and profitability analyses relating to marketing, advertising, and labeling claims.

6.     All Documents concerning the decision(s) to use the phrase "Natural" or "no . . . artificial preservatives" on the marketing materials for the Products.

7.     All Documents concerning any decision to alter or change the labeling for the Products.

8.     All Documents concerning discussions about the effectiveness of the marketing and/or labeling of the Products.

7

9.     All Documents concerning consumer understanding of or response to the phrase "Natural" or "no . . . artificial preservatives" including but not limited to, consumer surveys, whether prepared by you or by third parties.

10.    All Documents concerning consumer perception, demand, and behavior regarding products marketed as "Natural" or "no . . . artificial preservatives" including but not limited to, consumer surveys, whether prepared by you or by third parties.

11.    All Documents concerning any anticipated or actual benefits derived or to be derived from the placement of "Natural" or "no . . . artificial preservatives" on the labeling for the Products.

12.    All Documents concerning contracts or agreements between you and any advertising agency, media purchasing agency, distributor, spokesperson, or healthcare professional relating to the Products.

13.    All Documents concerning contracts or agreements between you and any person relating to the production or formulation of the Products.

14.    All Documents concerning contracts or agreements between you and any person relating to the sourcing of ingredients in the Products.

15.    All Documents concerning policies and procedures relating to the production, ingredients, or formulation the Products.

16.    Documents sufficient to identify the source of the ingredients used in the Products.

17.    Organizational charts or other Documents sufficient to show your agents or employees whose responsibilities include the marketing and advertising of the Products.

18.    Organizational charts or other Documents sufficient to show your agents or employees whose responsibilities include the manufacture, production, or assembly of the Products.

19.     Organizational charts or other Documents sufficient to show your agents or employees whose responsibilities include the formulation of the Products.

20.     Organizational charts or other Documents sufficient to show the organizational structures of Defendant Ainsworth and Defendant The J.M. Smucker Company.

21.     Organizational charts or other Documents sufficient to show the division of labor between Defendant Ainsworth and Defendant The J.M. Smucker Company.

22.     All Documents concerning any consumer complaints, questions, or confusion concerning the representation that the Products are "Natural" or that they contain "no . . . artificial preservatives".

23.     All Documents concerning testing of the Products, or of any of the ingredients of the Products, including of the levels of glyphosate, ethoxyquin, or other biocides or preservatives in the Products or any ingredient of the Products.

24.     All Documents concerning communications between you and any government regulatory agency regarding your use of the word "Natural" or "no . . . artificial preservatives" on the labeling of the Products.

25.     All Documents concerning communications between you and any government regulatory agency regarding the presence of glyphosate, ethoxyquin, or other biocides or preservatives in the Products.

26.     All Documents concerning the demographic characteristics of consumers who purchased the Products.

27.     All Documents concerning the demographic characteristics of consumers whom you expected and/or intended to purchase the Products.

28.    Documents sufficient to show your policies or procedures with respect to the retention or destruction of documents and/or social media content.

29.    Documents sufficient to show sales, in units and dollars, of the Products in Washington D.C.

30.    All documents Defendant intends to offer in defense of Plaintiff's claims, including but not limited to any documents Defendant intends on using in support or opposition of summary judgment, or as trial exhibits.


Dated: November 20, 2019              **RICHMAN LAW GROUP**

                                      /s/ Kim E. Richman
                                      Kim E. Richman
                                      8 West 126th Street
                                      New York, New York 10027
                                      Telephone: (718) 705-4579
                                      Facsimile: (718) 228-8522
                                      krichman@richmanlawgroup.com

## <u>CERTIFICATE OF SERVICE</u>

I, Kim E. Richman, hereby certify that on November 20, 2019, or thereabout, I caused a copy of the foregoing document to be served on counsel of record for Defendant in the above-captioned  action by placing a copy in an envelope and mailing said envelope via U.S. mail to the address below:


Ronald Y. Rothstein
WINSTON & STRAWN LLP

35 West Wacker Drive
Chicago, Illinois 60601
RRothste@winston.com



/s/ Kim E. Richman
Kim E. Richman

11

# Exhibit 2

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

TOXIN FREE USA,

                    Plaintiff,

        v.

THE J.M. AINSWORTH COMPANY, and
AINSWORTH PET NUTRITION, LLC,

                  Defendants.

Case No. 2019 CA 003192 B

**DEFENDANT AINSWORTH PET NUTRITION, LLC'S RESPONSE TO
PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Ainsworth Pet Nutrition, LLC ("Ainsworth") hereby objects and responds to

Plaintiff Toxin Free USA's First Set of Requests for Production of Documents, dated November

20, 2019, as follows:

**PRELIMINARY STATEMENT**

In making these responses, Defendant does not concede the relevance or materiality of any

of the Requests propounded by Plaintiffs.  Defendant also does not concede the relevance or

materiality of any of the subjects to which the Requests refer or relate.  Defendant's objections and

responses are made without waiver of any other objections as to competence, relevance,

materiality, or admissibility of evidence, and without waiver of any objections as to competence,

relevance, materiality, or admissibility as evidence, for any purpose, of any response to the

Requests and without waiver of Defendant's right to object on any grounds to the use of these

objections and responses at any trial or hearing.  No incidental or implied admissions of any kind

are intended by the objections and responses herein.  The fact that Defendant objects to or responds

to any of the Requests should not be taken as an admission that Defendant accepts or admits the

existence of any facts assumed by such Requests, nor should such a response be taken to constitute

1

admissible evidence as to any such assumed facts. The fact that Defendant responds to part of or all of any of the Requests is not intended to be, and shall not be construed as, a waiver by Defendant of any part of any objection to any of the Requests.

Defendant's discovery and investigation of the subject matter of this litigation is presently ongoing and is not yet complete. Defendant's present objections and responses are based on information currently known to the individuals responding to discovery at this time. Defendant reserves the right to supplement, modify, or amend these objections and responses and to introduce at trial additional responsive information that may be subsequently discovered.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The following objections apply to each of Plaintiff's Requests and are incorporated by reference as may be applicable into each response made herein. The Specific Objections identified for the Requests further identify additional objections specific to that Request for Production. These Objections are not waived, or in any way limited, by the Specific Objections. The assertion of the same, similar, or additional objections or the provision of partial answers in the individual responses to these Interrogatories does not waive any of the Objections set forth below. Ainsworth's agreement to provide any responsive and non-privileged information or documents in response to the Request shall not be construed as a waiver of any right or objections to the Request or other discovery procedures. The production of any information or documents by Ainsworth shall be without prejudice to any objections Ainsworth may have as to the relevance or admissibility of any information or document at any hearing or trial.

**Relevant Time Period Objection.** Defendant objects to the Requests to the extent they seek information remote in time to this litigation, for purposes other than this litigation, or documents from outside the three-year time period from May 14, 2016 through May 14, 2019, as

barred by the CPPA's applicable three-year statute of limitations. Defendant further objects to the Requests on the grounds that the failure to define the relevant time period renders them overbroad, and unduly burdensome, and on the grounds that they seek documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence.  Defendant will respond based on its understanding of the relevant time period, as indicated above.

**Defendant's Confidential Information Objection**.  Defendant objects to the Requests to the extent they seek Defendant's confidential or proprietary information, trade secrets, research, development, commercial information, and/or any other competitively sensitive information.

**Relevance and Proportionality Objection**.  Defendant objects to the Requests on the grounds that they seek information that is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Identification of any information in a response does not constitute an admission by Defendant that such information is relevant or material to the action.

**Objection to Definition of "Products."** Ainsworth objects to the definition of "Products," as the Court stated that Plaintiff has standing to pursue claims for "the 'particular packages' it 'personally purchased.'" 11.6.19 Order at 7. Therefore, the responses to these Requests will be limited to the "Real Chicken & Brown Rice Recipe" Super Premium Food for Cats and the "Real Beef, Pea & Brown Rice Recipe" Super Premium Food for Dogs.

**Privilege Objection**.  Defendant objects to the Requests to the extent they seek information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested.  Defendant hereby claims any such applicable privileges.  Defendant will not provide any information protected by any such privileges or immunities.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity recognized by law.

**Specialized Expertise Objection.**  Defendant objects to the Requests as premature to the extent they seek responses that call for specialized expert material and opinion.

**Possession, Custody, or Control Objection**.  Defendant objects to the Requests to the extent they seek information not within Defendant's possession, custody, or control as that term is interpreted under Rule 34 of the D.C. Superior Court Rules or Rule 34 of the Federal Rules of Civil Procedure.

**Third-Party Confidential Information Objection**.  Defendant objects to the Requests to the extent they seek confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and non-disclosure, or the joint confidential information of Defendant and a third party.  Defendant further objects to the Requests to the extent they require the disclosure of information that would infringe upon the legitimate privacy rights of current or former employees, officers, or directors of Defendant, current or former affiliates, related companies, suppliers, subsidiaries, or other individuals, to the extent such privacy rights and expectations are protected by law, contract, or public policy.  Defendant also objects to the Requests to the extent they seek third-party supplier or other information, disclosure of which

4

would constitute an invasion of the privacy rights of those suppliers and other individuals and disclosure of which would require those individuals to be notified in advance of any disclosure of such information. Defendant will not produce any information protected by a third party's right of privacy in the absence of the written consent of the party whose privacy rights are at stake and unless and until the appropriate procedure required by law is followed.

**Objection to Definitions of "You" and "Your."** Defendant objects to the definitions of the terms "You" and "Your" as vague, ambiguous, overbroad, unintelligible, unduly burdensome, and oppressive insofar as they include "parent and subsidiary companies, its predecessors-in-interest, its successors-in-interest, its executives, officers, agents, and employees and any other person acting on its behalf, including attorneys." Defendant objects to these definitions to the extent they include parties or entities outside of Defendant's exclusive control, entities no longer in business, persons or entities who are otherwise not within the scope of discovery contemplated by Rules 26 and 33 of the District of Columbia Superior Court Rules, entities that possess no information relevant to this action, and/or third parties whose documents and information are equally accessible to Plaintiffs or readily obtainable from public or other sources. Further, Defendant objects to this Definition as purporting to impose a greater burden on Defendant than is otherwise permissible under the law, including, without limitation, the District of Columbia Superior Court Rules. Defendant will interpret this term to mean the J. M. Ainsworth Company.

**Objection to Definition of "Document" and "Documents."** Defendant objects to the definition of the terms "Document" and "Documents" as vague, ambiguous, overbroad, unduly burdensome, and oppressive. Defendant further objects to the Definition to the extent it imposes a greater burden on Defendant than is otherwise permissible under the law, including, without

limitation, the District of Columbia Superior Court Rules. Defendant will interpret this term consistent with its ordinary meaning.

**Objection to Definition of "Concerning."** Defendant objects to the definition of the term "Concerning" as vague, ambiguous, and overbroad. Defendant further objects to the definition to the extent it imposes a greater burden on Defendant than is otherwise permissible under the law, including, without limitation, the District of Columbia Superior Court Rules. Defendant will interpret this term consistent with its ordinary meaning.

**Objection to Definition of "Person."** Defendant objects to the definition of "Person" as vague, ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects to the definition to the extent seeks information protected by a legally recognized privilege or exception or outside Defendant's control, or imposes a greater burden on Defendant than is otherwise permissible under the law, including, without limitation, the District of Columbia Superior Court Rules. Defendant will interpret this term consistent with its ordinary meaning.

**Objection to format of production.** Rule 34(b)(2)(E)(i) provides the responding party the option to produce documents "as they are kept in the usual course of business." Ainsworth objects to the request that it organize and label documents indicating the request(s) to which they respond.

**Reservation of Rights.** Defendant makes these responses to the best of its current knowledge, information and belief. It reserves the right to produce and rely upon evidence, facts, documents, and information which have not yet been discovered, or the relevance of which has not yet been determined. Defendant also reserves the right to supplement or amend its response to the Requests as discovery on the case develops. Defendant preserves all objections to the admissibility and relevance of any information produced in response to the Requests.

## OBJECTIONS AND RESPONSES TO
## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1: All Documents referred to or relied upon in responding to Plaintiff's First Set of Interrogatories.**

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response.  In addition, Ainsworth objects to this Request to the extent it is overly broad, unduly burdensome, vague and ambiguous, and fails to describe the requested documents with reasonable particularity.  Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, and unreasonable.  Ainsworth further objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control.  Ainsworth further objects to this Request to the extent it attempts to impose requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to, and without waiver of, the foregoing General and Specific Objections, and upon the signing and entering of a confidentiality stipulation and/or a stipulation governing the disclosure of ESI, Ainsworth will produce non-privileged documents in its possession, custody or control responsive to this Request, created on or after May 14, 2016, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 2: Documents sufficient to show all Products which are or were labeled as "Natural" or as containing "no . . . artificial preservatives".**

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further objects to this Request to the extent the word "labeled" is vague and ambiguous, and fails to describe the requested information with reasonable particularity. Ainsworth also objects to the request for "all Products," as the Court stated that Plaintiff has standing to pursue claims for "the

'particular packages' it 'personally purchased.'" 11.6.19 Order at 7. Those are the only products that are therefore at issue. Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit.  Ainsworth further objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control.  Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

**REQUEST FOR PRODUCTION NO. 3: Documents sufficient to show all labeling and packaging of the Products, including the dates for which each label and package was in use.**

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further objects to this Request to the extent the words "labeling," "packaging," "label," and "package" are vague and ambiguous, and fail to describe the requested information with reasonable particularity. Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit.  The request for "all" of this information is overbroad. Ainsworth further objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control.  Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to, and without waiver of, the foregoing General and Specific Objections, and upon the signing and entering of a confidentiality stipulation and/or a stipulation governing the disclosure of ESI, Ainsworth will produce non-privileged documents in its possession, custody or

control responsive to this Request, created on or after May 14, 2016, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 4: Documents sufficient to show all marketing of the Products that were placed at or within retail locations, including the dates for which each item was in use.**

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further objects to this Request to the extent the words "marketing" and "retail locations" are vague and ambiguous, and fail to describe the requested information with reasonable particularity. Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit. Ainsworth further objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control. Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to, and without waiver of, the foregoing General and Specific Objections, and upon the signing and entering of a confidentiality stipulation and/or a stipulation governing the disclosure of ESI, Ainsworth will produce non-privileged documents in its possession, custody or control responsive to this Request, created on or after May 14, 2016, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 5:** **All Documents concerning studies relating to the marketing, advertising, and labeling of the Products, including quantitative and qualitative analyses, marketing studies, market research, focus group reports, customer surveys, and sales and profitability analyses relating to marketing, advertising, and labeling claims.**

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and

Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further

objects to this Request to the extent the words "concerning," "relating to," "studies," "marketing,"

"advertising," "labeling," "quantitative . . . analysis," "qualitative analyses," "marketing studies,"

"market research," "focus group reports," "customer surveys," and "sales and profitability

analyses" are vague and ambiguous, and fail to describe the requested information with reasonable

particularity.  This Request for "all Documents" is overbroad. Ainsworth objects that the class

period is not defined in terms of time and/or scope, and is therefore unduly burdensome,

oppressive, harassing, and unreasonable.  Ainsworth further objects to this Request to the extent it

seeks information already in Plaintiff's possession, custody or control.  Ainsworth further objects

to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other

than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to, and without waiver of, the foregoing General and Specific Objections, and upon

the signing and entering of a confidentiality stipulation and/or a stipulation governing the

disclosure of ESI, Ainsworth will produce non-privileged documents in its possession, custody or

control responsive to this Request, created on or after May 14, 2016, to the extent any such

documents exist.

**REQUEST FOR PRODUCTION NO. 6:** **All Documents concerning the decision(s) to use the phrase "Natural" or "no . . . artificial preservatives" on the marketing materials for the Products.**

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and

Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further

objects to this Request to the extent the words "concerning," "decision(s)" and "marketing materials" are vague and ambiguous, and fail to describe the requested information with reasonable particularity. Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit. Ainsworht objects to the Request for "all documents" because it is is overbroad. Ainsworth further objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control. Ainsworth further objects to this Request to the extent it attempts to impose requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to and without waiving the foregoing General and Specific Objections, Ainsworth states that it is willing to meet and confer to get more detail about—and limit the scope of—this Request by, for example, having Plaintiff explain what it means by "decision(s)" as countless business decisions are made every day and the scope of this request is far to overbroad.

**REQUEST FOR PRODUCTION NO. 7:** All Documents concerning any decision to alter or change the labeling for the Products.

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further objects to this Request to the extent the words "concerning," "decision," "alter," "change," and "labeling" are vague and ambiguous, and fail to describe the requested information with reasonable particularity. Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit. Ainsworth further objects to this Request to the extent it seeks information already in

11

Plaintiff's possession, custody or control. Ainsworth emphasizes its objection to this Request as seeking information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence because there is no allegation in the Complaint that Ainsworth "alter" or "change" its "labeling." Further the request for "all documents' is overbroad. Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to and without waiving the foregoing General and Specific Objections, Ainsworth states that it is willing to meet and confer to get more detail about—and limit the scope of—this Request by, for example, explaining the relevancy of this Request to this lawsuit.

**REQUEST FOR PRODUCTION NO. 8: All Documents concerning discussions about the effectiveness of the marketing and/or labeling of the Products.**

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth objects because the request for "all documents" is overbroad. Ainsworth further objects to this Request to the extent the words "discussions," "effectiveness," "marketing," "concerning," and "labeling" are vague and ambiguous, and fail to describe the requested information with reasonable particularity. Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit. Ainsworth further objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control. Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to and without waiving the foregoing General and Specific Objections, Ainsworth states that it is willing to meet and confer to get more detail about—and limit the scope of—this Request by, for example, identifying potential custodians so that Ainsworth may reasonably identify the requested information Plaintiff is seeking.

**REQUEST FOR PRODUCTION NO. 9: All Documents concerning consumer understanding of or response to the phrase "Natural" or "no . . . artificial preservatives" including but not limited to, consumer surveys, whether prepared by you or by third parties.**

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further objects to this Request to the extent the words "concerning," "consumer understanding," "consumer . . . response," and "consumer surveys" are vague and ambiguous, and fail to describe the requested information with reasonable particularity. Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit. Ainsworth objects because the request for "all Documents" is overbroad. Ainsworth further objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control. Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to, and without waiver of, the foregoing General and Specific Objections, and upon the signing and entering of a confidentiality stipulation and/or a stipulation governing the disclosure of ESI, Ainsworth will produce non-privileged documents in its possession, custody or control responsive to this Request, created on or after May 14, 2016, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 10:** All Documents concerning consumer perception, demand, and behavior regarding products marketed as "Natural" or "no . . . artificial preservatives" including but not limited to, consumer surveys, whether prepared by you or by third parties.

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further objects to this Request to the extent the words "concerning," "consumer perception," "consumer . . . demand," "consumer . . . behavior," and "consumer surveys" are vague and ambiguous, and fail to describe the requested information with reasonable particularity. Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit. Ainsworth objects to the request for "all Documents" because it is overbroad. Ainsworth objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control. Ainsworth objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to, and without waiver of, the foregoing General and Specific Objections, and upon the signing and entering of a confidentiality stipulation and/or a stipulation governing the disclosure of ESI, Ainsworth will produce non-privileged documents in its possession, custody or control responsive to this Request, created on or after May 14, 2016, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 11:** All Documents concerning any anticipated or actual benefits derived or to be derived from the placement of "Natural" or "no . . . artificial preservatives" on the labeling for the Products.

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further

14

objects to this Request to the extent the words "concerning," "anticipated . . . benefits," "actual benefits," "derived," "placement," and "labeling" are vague and ambiguous, and fail to describe the requested information with reasonable particularity. Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit. Ainsworth objects to the request for "all documents" because it is overbroad. Ainsworth further objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control. Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to, and without waiver of, the foregoing General and Specific Objections, and upon the signing and entering of a confidentiality stipulation and/or a stipulation governing the disclosure of ESI, Ainsworth will produce non-privileged documents in its possession, custody or control responsive to this Request, created on or after May 14, 2016, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 12: All Documents concerning contracts or agreements between you and any advertising agency, media purchasing agency, distributor, spokesperson, or healthcare professional relating to the Products.**

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth objects to the request for contracts with third parties to the extent those contracts contain trade secret, confidential, and other types of proprietary information that are irrelevant to this lawsuit. Ainsworth further objects to this Request to the extent the words "concerning," "relating to," "contracts," "agreements," "advertising agency," "media purchasing agency," "distributor," "spokesperson," and "healthcare professional" are vague and ambiguous, and fail to describe the

15

requested information with reasonable particularity.  Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit. Ainsworth objects to the request for "all Documents" because the request is overbroad.  Ainsworth further objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control.  Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to, and without waiver of, the foregoing General and Specific Objections, and upon the signing and entering of a confidentiality stipulation and/or a stipulation governing the disclosure of ESI, Ainsworth will produce non-privileged documents in its possession, custody or control responsive to this Request, created on or after May 14, 2016, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 13:** **All Documents concerning contracts or agreements between you and any person relating to the production or formulation of the Products.**

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth objects to the request for contracts with third parties to the extent those contracts contain trade secret, confidential, and other types of proprietary information that are irrelevant to this lawsuit. Ainsworth further objects to this Request to the extent the words "concerning," "relating to," "contracts," "agreements," "production," and "formulation" are vague and ambiguous, and fail to describe the requested information with reasonable particularity.  Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of

admissible evidence, and not proportional to the needs of the lawsuit. Ainsworth further objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control. Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to, and without waiver of, the foregoing General and Specific Objections, and upon the signing and entering of a confidentiality stipulation and/or a stipulation governing the disclosure of ESI, Ainsworth will produce non-privileged documents in its possession, custody or control responsive to this Request, created on or after May 14, 2016, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 14:** **All Documents concerning contracts or agreements between you and any person relating to the sourcing of ingredients in the Products.**

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response Ainsworth objects to the request for contracts with third parties to the extent those contracts contain trade secret, confidential, and other types of proprietary information that are irrelevant to this lawsuit. Ainsworth further objects to this Request to the extent the words "concerning," "relating to," "contracts," "agreements," "sourcing," and "ingredients" are vague and ambiguous, and fail to describe the requested information with reasonable particularity. Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit. Ainsworth objects to this request because it is seeking information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of properly admissible evidence because the

17

Complaint contains no allegations that either ethoxyquin or glyphosate is an ingredient added to the Products. *See, e.g.*, *Axon v. Citrus World, Inc.*, 354 F. Supp. 3d 170, 183–84 (E.D.N.Y 2018); *Podpeskar v. Dannon Co., Inc.*, 2017 WL 6001845, at *5 (S.D.N.Y. Dec. 3, 2017). Ainsworth objects to the request for "all documents" because it is overbroad. Ainsworth further objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control. Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to, and without waiver of, the foregoing General and Specific Objections, and upon the signing and entering of a confidentiality stipulation and/or a stipulation governing the disclosure of ESI, Ainsworth will produce non-privileged documents in its possession, custody or control responsive to this Request, created on or after May 14, 2016, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 15: All Documents concerning policies and procedures relating to the production, ingredients, or formulation the Products**.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further objects to this Request to the extent the words "concerning," "relating to," "policies," "procedures," "production," "ingredients," and "formulation" are vague and ambiguous, and fail to describe the requested information with reasonable particularity. Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit. Ainsworth objects to this Request as seeking information neither relevant to

18

the subject matter of this litigation nor reasonably calculated to lead to the discovery of properly admissible evidence because the Complaint contains no allegations that either ethoxyquin or glyphosate is an ingredient added to the Products. *See, e.g.*, *Axon*, 354 F. Supp. 3d at 183–84; *Podpeskar*, 2017 WL 6001845, at *5.Ainsworth objects to the request for "all documents" because the request is overbroad. Ainsworth further objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control.  Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to, and without waiver of, the foregoing General and Specific Objections, and upon the signing and entering of a confidentiality stipulation and/or a stipulation governing the disclosure of ESI, Ainsworth will produce non-privileged documents in its possession, custody or control responsive to this Request, created on or after May 14, 2016, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 16:**  **Documents sufficient to identify the source of the ingredients used in the Products**.

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further objects to this Request to the extent the words "source" and "ingredients" are vague and ambiguous, and fail to describe the requested information with reasonable particularity.  Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit. Ainsworth objects to this Request as seeking information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of properly admissible evidence because the

Complaint contains no allegations that either ethoxyquin or glyphosate is an ingredient added to the Products. *See, e.g.*, *Axon*, 354 F. Supp. 3d at 183–84; *Podpeskar*, 2017 WL 6001845, at *5. Ainsworth further objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control. Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to, and without waiver of, the foregoing General and Specific Objections, and upon the signing and entering of a confidentiality stipulation and/or a stipulation governing the disclosure of ESI, Ainsworth will produce non-privileged documents in its possession, custody or control responsive to this Request, created on or after May 14, 2016, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 17: Organizational charts or other Documents sufficient to show your agents or employees whose responsibilities include the marketing and advertising of the Products.**

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further objects to this Request to the extent the words "organizational charts," "agents," "responsibilities," "marketing," and "advertising" are vague and ambiguous, and fail to describe the requested information with reasonable particularity. Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit.. Ainsworth objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control. Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to, and without waiver of, the foregoing General and Specific Objections, and upon the signing and entering of a confidentiality stipulation and/or a stipulation governing the disclosure of ESI, Ainsworth will produce non-privileged documents in its possession, custody or control responsive to this Request, created on or after May 14, 2016, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 18: Organizational charts or other Documents sufficient to show your agents or employees whose responsibilities include the manufacture, production, or assembly of the Products.**

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further objects to this Request to the extent the words "organizational charts," "agents," "responsibilities," "manufacture," "production," and "assembly" are vague and ambiguous, and fail to describe the requested information with reasonable particularity. Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit. Ainsworth objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control. Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to, and without waiver of, the foregoing General and Specific Objections, and upon the signing and entering of a confidentiality stipulation and/or a stipulation governing the disclosure of ESI, Ainsworth will produce non-privileged documents in its possession, custody or control responsive to this Request, created on or after May 14, 2016, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 19:** Organizational charts or other Documents sufficient to show your agents or employees whose responsibilities include the formulation of the Products.

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further objects to this Request to the extent the words "organizational charts," "agents," "responsibilities," and "formulation" are vague and ambiguous, and fail to describe the requested information with reasonable particularity. Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit. Ainsworth objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control. Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to, and without waiver of, the foregoing General and Specific Objections, and upon the signing and entering of a confidentiality stipulation and/or a stipulation governing the disclosure of ESI, Ainsworth will produce non-privileged documents in its possession, custody or control responsive to this Request, created on or after May 14, 2016, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 20:** Organizational charts or other Documents sufficient to show the organizational structures of Defendant Ainsworth and Defendant Ainsworth Pet Nutrition, LLC.

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further objects to this Request to the extent the words "organizational charts" and "organizational structures" are vague and ambiguous, and fail to describe the requested information with

reasonable particularity.  Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit.  Ainsworth further objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control.  Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to, and without waiver of, the foregoing General and Specific Objections, and upon the signing and entering of a confidentiality stipulation and/or a stipulation governing the disclosure of ESI, Ainsworth will produce non-privileged documents in its possession, custody or control responsive to this Request, created on or after May 14, 2016, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 21: Organizational charts or other Documents sufficient to show the division of labor between Defendant Ainsworth and Defendant Ainsworth Pet Nutrition, LLC.**

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further objects to this Request to the extent the words "organizational charts" and "division of labor" are vague and ambiguous, and fail to describe the requested information with reasonable particularity. Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit.  Ainsworth objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control.  Ainsworth further objects to this Request to the extent it attempts to impose on

Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to, and without waiver of, the foregoing General and Specific Objections, and upon the signing and entering of a confidentiality stipulation and/or a stipulation governing the disclosure of ESI, Ainsworth will produce non-privileged documents in its possession, custody or control responsive to this Request, created on or after May 14, 2016, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 22: All Documents concerning any consumer complaints, questions, or confusion concerning the representation that the Products are "Natural" or that they contain "no . . . artificial preservatives".**

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further objects to this Request to the extent the words "concerning," "consumer complaints," "consumer . . . questions," "consumer . . . confusion," and "representation" are vague and ambiguous, and fail to describe the requested information with reasonable particularity. Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit. Ainsworth objects to the request for "all documents" because it is overbroad. Ainsworth objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control. Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to, and without waiver of, the foregoing General and Specific Objections, and upon the signing and entering of a confidentiality stipulation and/or a stipulation governing the disclosure of ESI, Ainsworth will produce non-privileged documents in its possession, custody or

control responsive to this Request, created on or after May 14, 2016, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 23:** **All Documents concerning testing of the Products, or of any of the ingredients of the Products, including of the levels of glyphosate, ethoxyquin, or other biocides or preservatives in the Products or any ingredient of the Products.**

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further objects to this Request to the extent the words "concerning," "testing," "ingredients," "levels," "biocides," and "preservatives," are vague and ambiguous, and fail to describe the requested information with reasonable particularity.  Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit.  Ainsworth objects to the request for "all documents" because it is overbroad.  Ainsworth objects to this Request as seeking information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of properly admissible evidence because the Complaint contains no allegations that either ethoxyquin or glyphosate is an ingredient added to the Products. *See, e.g.*, *Axon*, 354 F. Supp. 3d at 183–84; *Podpeskar*, 2017 WL 6001845, at *5. Ainsworth further objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control.  Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to and without waiving the foregoing General and Specific Objections, Ainsworth states that it is willing to meet and confer to get more detail about—and limit the scope of—this Request by, for example, having Plaintiff explain what "testing" it is talking about so that

25

Ainsworth may reasonably identify the requested information.

**REQUEST FOR PRODUCTION NO. 24:** All Documents concerning communications between you and any government regulatory agency regarding your use of the word "Natural" or "no . . . artificial preservatives" on the labeling of the Products.

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further objects to this Request to the extent the words "concerning," "communications," "government regulatory agency," "use," and "labeling" are vague and ambiguous, and fail to describe the requested information with reasonable particularity. Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit. Ainsworth objects to the request for "all documents" because it is overbroad. Ainsworth further objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control. Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to and without waiving the foregoing General and Specific Objections, Ainsworth states that it is willing to meet and confer to get more detail about—and limit the scope of—this Request by, for example, having Plaintiff explain what government regulatory agencies it means, the scope of the communications, and a potential custodian so that Ainsworth may reasonably identify the requested information.

**REQUEST FOR PRODUCTION NO. 25:** All Documents concerning communications between you and any government regulatory agency regarding the presence of glyphosate, ethoxyquin, or other biocides or preservatives in the Products.

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further

objects to this Request to the extent the words "concerning," "communications," "government regulatory agency," "presence," "biocides," and "preservatives" are vague and ambiguous, and fail to describe the requested information with reasonable particularity. Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit. Ainsworth objects to the request for "all documents" because it is overbroad. Ainsworth further objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control. Ainsworth further objects to this Request to the extent it attempts to impose requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to and without waiving the foregoing General and Specific Objections, Ainsworth states that it is willing to meet and confer to get more detail about—and limit the scope of—this Request by, for example, having Plaintiff explain what government regulatory agencies it means, the scope of the communications, and a potential custodian so that Ainsworth may reasonably identify the requested information.

**REQUEST FOR PRODUCTION NO. 26:** **All Documents concerning the demographic characteristics of consumers who purchased the Products.**

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further objects to this Request to the extent the words "concerning," "demographic characteristics" and "consumers" are vague and ambiguous, and fail to describe the requested information with reasonable particularity. Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the

27

needs of the lawsuit. Ainsworth objects to the request for "all documents" because it is overbroad

Ainsworth further objects to this Request to the extent it seeks information already in Plaintiff's

possession, custody or control.  Ainsworth further objects to this Request to the extent it attempts

to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the

D.C. Superior Court Rules or the common law.

Subject to and without waiving the foregoing General and Specific Objections, Ainsworth

states that it is willing to meet and confer to get more detail about—and limit the scope of—this

Request by, for example, having Plaintiff explain what it means by "demographic characteristics"

so Ainsworth may reasonably identify the requested information.

**REQUEST FOR PRODUCTION NO. 27:** **All Documents concerning the**
**demographic characteristics of consumers whom you expected and/or intended to purchase**
**the Products.**

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and

Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further

objects to this Request to the extent the words "concerning," "demographic characteristics,"

"consumers," and "expected and/or intended" are vague and ambiguous, and fail to describe the

requested information with reasonable particularity.  Ainsworth objects that the class period is not

defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing,

unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not

proportional to the needs of the lawsuit.  Ainsworth further objects to this Request to the extent it

seeks information already in Plaintiff's possession, custody or control.  Ainsworth further objects

to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other

than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to and without waiving the foregoing General and Specific Objections, Ainsworth

states that it is willing to meet and confer to get more detail about—and limit the scope of—this

Request by, for example, having Plaintiff explain what it means by "demographic characteristics" so Ainsworth may reasonably identify the requested information.

**REQUEST FOR PRODUCTION NO. 28: Documents sufficient to show your policies or procedures with respect to the retention or destruction of documents and/or social media content.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further objects to this Request to the extent the words "policies," "procedures," "retention," "destruction" and "social media content" are vague and ambiguous, and fail to describe the requested information with reasonable particularity. Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit. Ainsworth objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control. Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to, and without waiver of, the foregoing General and Specific Objections, and upon the signing and entering of a confidentiality stipulation and/or a stipulation governing the disclosure of ESI, Ainsworth will produce non-privileged documents in its possession, custody or control responsive to this Request, created on or after May 14, 2016, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 29:** **Documents sufficient to show sales, in units and dollars, of the Products in Washington D.C.**

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth further objects to this Request to the extent the words "sales" and "units" are vague and ambiguous, and fail to describe the requested information with reasonable particularity.  Ainsworth objects that the class period is not defined in terms of time and/or scope, and is therefore unduly burdensome, oppressive, harassing, unreasonable, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the lawsuit. Plaintiff is not seeking monetary damages so this request is not reasonably calculated to lead to the discovery of admissible evidence. Ainsworth further objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control.  Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

**REQUEST FOR PRODUCTION NO. 30:** **All documents Defendant intends to offer in defense of Plaintiff's claims, including but not limited to any documents Defendant intends on using in support or opposition of summary judgment, or as trial exhibits.**

**RESPONSE:** Ainsworth refers to and incorporates the Preliminary Statement and Objections to Definitions and Instructions as if fully stated in this Response. Ainsworth objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control. Ainsworth further objects to this Request to the extent it attempts to impose on Ainsworth requirements or obligations other than, or beyond those, imposed by the D.C. Superior Court Rules or the common law.

Subject to, and without waiver of, the foregoing General and Specific Objections, and upon the signing and entering of a confidentiality stipulation and/or a stipulation governing the

disclosure of ESI, Ainsworth will produce non-privileged documents in its possession, custody or control responsive to this Request at the close of discovery.

Date: February 3, 2020                          Respectfully submitted,

                                  By:    /s/ Ronald Y. Rothstein
                                         Ronald Y. Rothstein (D.C. Bar No. 451950)
                                         Winston & Strawn LLP
                                         35 W. Wacker Drive
                                         Chicago, Illinois 60601
                                         (312) 558-5600
                                         RRothste@winston.com

                                         *Counsel for Defendants*
                                         *The J. M. Smucker Company and*
                                         *Ainsworth Pet Nutrition, LLC*

**CERTIFICATE OF SERVICE**

I, Ronald Y. Rothstein, hereby certify that on February 3, 2020, or thereabout, I caused a copy of the foregoing document to be served on counsel of record for Plaintiff in the above-captioned action via e-mail:

Kim E. Richman
RICHMAN LAW GROUP
8 West 126th Street
New York, New York 10027
Telephone: (718) 705-4579
Facsimile: (718) 228-8522
krichman@richmanlawgroup.com


/s/ Ronald Y. Rothstein _____
Ronald Y. Rothstein

32

# Exhibit 3

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

---

TOXIN FREE USA,

                    Plaintiff,

               v.

THE J.M. SMUCKER COMPANY, and
AINSWORTH PET NUTRITION, LLC,

                  Defendants.

Case No. 2019 CA 003192 B

---

**PLAINTIFF'S REVISED REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT AINSWORTH PET NUTRITION**

      Plaintiff Toxin Free USA, by and through its attorneys, hereby submits the following Document Requests to be answered in writing and under oath by Ainsworth Pet Nutrition, LLC ("You," "Ainsworth," or "Defendant"). Defendant's response is due within 30 days from service as required by Super. Ct. Civ. R. 34(b)(2) or at such other time as the parties agree. These Revised Requests for Production are intended to revise Plaintiff's First Set of Requests for Production dated November 20, 2020, in an effort to address the issues discussed by the parties in their February 28, 2020 meet-and-confer.

**DEFINITIONS**

      1.     "You" and "your" refer to Defendant, including (as may apply depending upon the time frame of a given request), its parent and subsidiary companies, its predecessors-in-interest, its successors-in-interest, its executives, officers, agents, and employees and any other person acting on its behalf, including attorneys.

      2.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

1

3.      "Document" and "documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Super. Ct. Civ. R. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

4.      "Concerning" means relating to, referring to, describing, evidencing, or constituting.

5.      "Person" is defined as any natural person or any legal entity, including, without limitation, any business, governmental entity, or association.

6.      "Third party" means an entity other than the parties to this action.

7.      "Market," "marketing," and "marketing materials" mean the use of any print advertisement, Internet advertisement, social media presence, radio advertisement, television advertisement, billboard, banner advertisement, website, letter, postcard, brochure, pamphlet, label, packaging, offer, placard, in-store display, employee uniform, dining ware (including, but not limited to cups and napkins), product packaging, bag, or other attempt, effort, or process that conveys any information, invitation, or offer to any person to become aware of, purchase, review, compare, or otherwise acquire any Product.

8.      "Products" means Defendant's lines of Super Premium Food for Dogs and Super Premium Food for Cats, including, but not limited to, the "Real Chicken & Brown Rice Recipe" Super Premium Food for Cats and "Real Beef, Pea & Brown Rice Recipe" Super Premium Food for Dogs.

9.      "Purchase" means to acquire for consideration, including with or by cash, check, money order, refund, debit card, credit card, gift certificate, exchange, or store credit.

10.     "Customer" and "consumer" mean the end purchaser of the Products.

## **INSTRUCTIONS**

1.      The Requests set out below apply to all documents in your possession, custody or control, or in the possession, custody or control of persons acting or purporting to act on your behalf, including, but not limited to: all of your facilities, divisions, corporate parents and subsidiaries, merged and acquired predecessors, affiliates, officers, directors, agents, consultants, attorneys, investigators, and insurers.

2.      You should produce documents separately, as far as reasonably practical, according to each of the numbered paragraphs set forth below. To the extent documents are furnished in connection with one Request, you need not re-produce them in response to a subsequent Request.

3.      Pursuant to Sup. Ct. Civ. R. 34(b)(2)(E)(i), please organize and label the Documents you produce to indicate the request(s) to which they respond.

4.      Each request below extends to any Documents in Defendant's possession, custody or control. A Document is in Defendant's possession, custody, or control: (i) if it is in Defendant's physical custody or (ii) if it is in the physical custody of any other person and Defendant: (a) owns such Document in whole or in part; (b) has a right by contract, statute, or otherwise to use, inspect, examine, or copy such Document on any terms; (c) has an understanding, express or implied, that Defendant may use, inspect, examine, or copy such Document on any terms; or (d) has, as a practical matter, been able to use, inspect, examine, or copy such Document when Defendant has sought to do so. Such Documents shall include, without limitation, Documents in the custody of Defendant's attorneys or other agents.

5.      These requests are continuing in nature pursuant to Sup. Ct. Civ. R. 26(e) and require timely supplementation if you obtain, create, develop, or discover further responsive information or determine your existing responses are inaccurate, inadequate, or incomplete.

6.    Please set forth the actual language of each request in full immediately prior to your response or objection to the request.

7.    If you object to any request, specify the part to which you object, state your objection(s), state all factual and legal justifications that support your objection(s), and respond to the remainder of the request to which you do not object.

8.    If an objection is made to any request herein, all Documents covered by the request not subject to the objection should be produced.

9.    With respect to any document that you refuse to produce on the ground of attorney-client privilege, on the ground of privilege for materials prepared in anticipation of litigation or for trial, or on the ground of any other privilege, please state the following:

    a.    the full identity of the document, including the following:

        i.    the date of the document;

        ii.    its title (if any);

        iii.    its authors, addresses, recipients, or parties;

        iv.    the nature of the document (*e.g.*, letter, memorandum, *etc.*);

        v.    the individual or source from whom or from which you obtained it; and

        vi.    its present location and identity of its custodian;

    b.    whether your objection or refusal is directed to the entire document or part thereof;

    c.    if your objection or refusal goes to part of the document, specify the specific part(s) of the document to which your objection or refusal is directed;

    d.    the specific factual basis which gives rise to the objection or refusal; and

e.      the specific legal ground on which the objection or refusal is based.

10.     If a requested document is no longer in your possession, subject to your control, or is no longer in existence, you should include in your response to the Request:

a.      whether the document is: missing or lost, destroyed, transferred to another, or has been otherwise disposed of;

b.      the reasons for, and circumstances surrounding, any of these dispositions;

c.      the date or best approximate date of any such disposition;

d.      its type (e.g., letter, interoffice memo), subject matter, title, date, and the number of pages thereof;

e.      the identity of each person who participated in its preparation;

f.      the identity of each of its signers;

g.      the identity of each person to whom it was addressed or sent or by whom it was reviewed or received; and

h.      the identity of each person represented or purportedly represented by the persons identified in response to subparagraphs (b), (c) and (d), above.

11.     If any Document requested was transferred to a third party over whom you claim to lack control, please identify: (i) the Document by author, date, and subject matter, (ii) the date and circumstances surrounding the transfer, (iii) the reason for the transfer, (iv) the person or entity to whom transferred, (v) the present location of the Document, and (vi) the date and manner in which you can or may obtain the Document.

12.     Plaintiff requests that you produce each Document that is responsive to these requests, along with all drafts thereof, in its entirety without abbreviation or redaction. If any portion of a Document is responsive to a request, the entire Document shall be produced, including

any and all attachments thereto.

13.     The omission of any Documents or things from your responses shall be deemed a representation that such Documents and things are not known to you, your agents, counsel, or other representatives at the time of the service of the responses or thereafter. Plaintiff may, before or at the time of hearing, move the Court for an Order excluding from evidence all tangible or intangible Documents or things that were known to Defendant at the time of its responses to these requests but not disclosed in its responses thereto.

14.     The use of the singular herein shall be deemed to include the plural.

15.     The use of the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16.     The terms "all," "any," and "each" shall be construed as encompassing any and all.

17.     For purposes of interpreting or construing the following requests, the terms used are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the request itself. Verb tenses shall be interpreted to include past, present, and future tenses; references to a gender shall be interpreted to include the masculine, feminine, and neuter; and the word "including" should be read as "including, but not limited to" and the word "includes" should be read as "includes, but is not limited to."

18.     Defined terms may or may not be capitalized or made uppercase; the given definitions apply even if a term in question is not capitalized or made uppercase.  No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

19.     Unless otherwise specified, all requests are limited to information pertaining to the manufacture, marketing, and sale of the Products within the District of Columbia, including

information pertaining to any decisions and actions affecting the manufacture, marketing, and sale of the Products within the District of Columbia, regardless of where those decisions or actions took place.

20.    Unless otherwise specified, all requests cover the period from May 2016 through the present, including information pertaining to any decisions and actions affecting the manufacture, marketing, and sale of the Products during that time period, regardless of when those decisions or actions took place.

## DOCUMENT REQUESTS

1.    All Documents referred to or relied upon in responding to Plaintiff's First Set of Interrogatories.

2.    Documents sufficient to show all Products which are or were labeled as "Natural" or as containing "no . . . artificial preservatives".

3.    Documents sufficient to show all labeling and packaging of the Products, including the dates for which each label and package was in use.

4.    Documents sufficient to show all marketing of the Products that were placed at or within retail locations, including the dates for which each item was in use.

5.    All Documents concerning studies relating to the marketing, advertising, and labeling of the Products, including quantitative and qualitative analyses, marketing studies, market research, focus group reports, customer surveys, and sales and profitability analyses relating to marketing, advertising, and labeling claims.

6.    All Documents concerning the decision(s) to begin using the phrase "Natural" and "no . . . artificial preservatives" on the marketing materials for the Products.

7.      All Documents concerning any decision to alter or change the labeling for the Products with regards to the phrases "Natural" and "no . . . artificial preservatives."

8.      All Documents concerning discussions about the effectiveness of the marketing and/or labeling of the Products as "Natural" and containing "no . . . artificial preservatives."

9.      All Documents concerning consumer understanding of or response to the phrase "Natural" or "no . . . artificial preservatives" including but not limited to, consumer surveys, whether prepared by you or by third parties.

10.      All Documents concerning consumer perception, demand, and behavior regarding products marketed as "Natural" or as containing "no . . . artificial preservatives" including but not limited to, consumer surveys, whether prepared by you or by third parties.

11.      All Documents concerning any anticipated or actual benefits derived or to be derived from the placement of "Natural" and "no . . . artificial preservatives" on the labeling for the Products.

12.      All Documents concerning contracts or agreements between you and any advertising agency, media purchasing agency, distributor, spokesperson, or healthcare professional relating to the Products.

13.      All Documents concerning contracts or agreements between you and any person relating to the production or formulation of the Products.

14.      All Documents concerning contracts or agreements between you and any person relating to the sourcing of ingredients in the Products.

15.      All Documents concerning policies and procedures relating to the production, ingredients, or formulation the Products.

16.      Documents sufficient to identify the source of the ingredients used in the Products.

17.     Organizational charts or other Documents sufficient to show your agents or employees whose responsibilities include the marketing and advertising of the Products.

18.     Organizational charts or other Documents sufficient to show your agents or employees whose responsibilities include the manufacture, production, or assembly of the Products.

19.     Organizational charts or other Documents sufficient to show your agents or employees whose responsibilities include the formulation of the Products.

20.     Organizational charts or other Documents sufficient to show the organizational structures of Defendant Smucker and Defendant Ainsworth Pet Nutrition, LLC.

21.     Organizational charts or other Documents sufficient to show the division of labor between Defendant Smucker and Defendant Ainsworth Pet Nutrition, LLC.

22.     All Documents concerning any consumer complaints, questions, or confusion concerning the representation that the Products are "Natural" or that they contain "no . . . artificial preservatives".

23.     All Documents concerning testing of the Products, or of any of the ingredients of the Products, for any levels of glyphosate, or ethoxyquin in the Products or any ingredient of the Products.

24.     All Documents concerning communications between you and  the Environmental Protection Agency ("EPA"), or the Federal Drug Association ("FDA"), or the Federal Trade Commission ("FTC"), regarding your use of the word "Natural" or "no . . . artificial preservatives" on the labeling of the Products.

25.     All Documents concerning communications between you and the EPA, FDA, or FTC,  regarding the presence or testing of glyphosate, or ethoxyquin in the Products.

26.     All Documents concerning the demographic characteristics of consumers who purchased the Products.

27.     All Documents concerning the demographic characteristics of consumers whom you expected and/or intended to purchase the Products.

28.     Documents sufficient to show your policies or procedures with respect to the retention or destruction of documents and/or social media content.

29.     Documents sufficient to show sales, in units and dollars, of the Products in Washington D.C.

30.     All documents Defendant intends to offer in defense of Plaintiff's claims, including but not limited to any documents Defendant intends on using in connection with its opposition to class certification (should Defendant intend on opposing class certification), in support or opposition of summary judgment, or as trial exhibits.


Dated: March 18, 2020                    **RICHMAN LAW GROUP**

                                         /s/ Kim E. Richman
                                         Kim E. Richman
                                         8 West 126th Street
                                         New York, New York 10027
                                         Telephone: (718) 705-4579
                                         Facsimile: (718) 228-8522
                                         krichman@richmanlawgroup.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Kim E. Richman, hereby certify that on March 18, 2020, or thereabout, I caused a copy of the foregoing document to be served on counsel of record for Defendant in the above-captioned action via email.

/s/ Kim E. Richman
Kim E. Richman