UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TOXIN FREE USA,

    *Plaintiff*,

v.

THE J.M. SMUCKER COMPANY, *et al.*,

    *Defendants*.

No. 20-cv-1013 (DLF)

## MEMORANDUM OPINION

Toxin Free USA ("Toxin Free") initially brought this action against The J.M. Smucker Company and Ainsworth Pet Nutrition, LLC (collectively, "the defendants") in the Superior Court of the District of Columbia, alleging violations of the District of Columbia Consumer Protection Procedures Act ("DCCPPA"). The defendants removed the case to this Court. Before the Court is Toxin Free's Motion to Remand and request for fees and costs, Dkt. 14, and the defendants' Conditional Motion for Fees and Costs in the Event of a Remand, Dkt. 16. For the reasons that follow, the Court will grant the motion to remand but will decline to award either party fees and costs.

**I.    BACKGROUND**

Toxin Free is a nonprofit organization that promotes "clean and healthy food and ecological systems." Compl. ¶ 14, Dkt. 1-2. It alleges that the defendants are misleading the public by representing that their pet food products are "natural" and contain no artificial preservatives. *See id.* ¶ 6. Invoking the DCCPPA's private attorney general provisions, Toxin Free contends that these alleged misrepresentations constitute a deceptive trade practice, and it

seeks injunctive relief on "behalf of itself and the general public of the District of Columbia." *Id.* ¶¶ 9, 25, 72; *see also id.* at 18.

On May 14, 2019, Toxin Free filed this action in the Superior Court for the District of Columbia.  Notice of Removal ¶ 2, Dkt. 1.  Following the Superior Court's November 6, 2019 decision denying the defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Superior Court Rules of Procedure, the parties conferred.  *See* Notice of Removal ¶¶ 16–17.  Based on these discussions, and because the complaint did not contain any class allegations as required by D.C. Superior Court Rule of Civil Procedure 23, the defendants understood that this case was not a class action.  *Id.* ¶ 17.

Months later, however, on March 18, 2020, Toxin Free served two discovery requests on the defendants seeking "all documents" that the defendants intended to use "in connection with its opposition to class certification." *Id.* ¶ 18.  Interpreting these requests to be statements of Toxin Free's "clear intent to move for class certification," the defendants removed this case to federal court.  *Id.* ¶¶ 1, 19.

After receiving the defendants' notice of removal, Toxin Free sent a letter to the defendants explaining that the reference to class certification in its discovery requests was the product of a clerical error.  *See* Pl.'s Ex. C, Dkt. 14-5.  It also attached a declaration from its counsel attesting that Toxin Free "has not brought this lawsuit as a class action" and that it "will not, at any time or under any circumstances seek Rule 23 class certification in this action."  Pl.'s Ex. A ¶ 3, Dkt. 14-3; *see also* Richman Decl. ¶ 5, Dkt. 14-2.  Toxin Free asked the defendants to withdraw their notice of removal or consent to remand, *see* Pl.'s Ex. C, Dkt. 14-5, but the defendants declined, Richman Decl. ¶ 8.

Thereafter, on May 15, 2020, Toxin Free filed the instant motion to remand. Dkt. 14. On June 5, 2020, the defendants filed a conditional motion for fees and costs in the event of a remand. Dkt. 16.

## II.  LEGAL STANDARDS

"Ordinarily, the plaintiff is entitled to select the forum in which he wishes to proceed." *Araya v. JPMorgan Chase Bank, N.A.*, 775 F.3d 409, 413 (D.C. Cir. 2014). But a defendant may remove a civil action filed in state court to a federal district court that has original subject matter jurisdiction. 28 U.S.C. § 1441(a). The removing party bears the burden of showing that removal is proper. *Walter E. Campbell Co. v. Hartford Fin. Servs. Grp., Inc.*, 48 F. Supp. 3d 53, 55 (D.D.C. 2014). If the removing party fails to make such a showing, the court must remand the case. *Animal Legal Def. Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 56 (D.D.C. 2017).

Generally, when assessing a remand motion, "[c]ourts must strictly construe removal statutes, resolving any ambiguities regarding the existence of removal jurisdiction in favor of remand." *Smith v. Hendricks*, 140 F. Supp. 3d 66, 70 (D.D.C. 2015) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–09 (1941)); *see also Steward v. Goldman Sachs Mortg. Co.*, 206 F. Supp. 3d 131, 134 (D.D.C. 2016) ("Any uncertainty about the existence of subject matter jurisdiction should be resolved in favor of remand."). But this "antiremoval presumption" does not apply to cases invoking the Class Action Fairness Act ("CAFA"), *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014), which was designed to "facilitate federal consideration of certain class actions," *Doe v. Georgetown Synagogue-Kesher Israel Congregation*, 118 F. Supp. 3d 88, 92 (D.D.C. 2015) (internal quotation marks omitted). Nevertheless, even in CAFA cases, the removing party "bears the burden of establishing the Court's jurisdiction." *Id.* (internal quotation marks omitted).

### III. ANALYSIS

The defendants assert two separate bases for subject matter jurisdiction. First, the defendants argue that the Court has jurisdiction under CAFA because this case qualifies as a class action. Defs.' Opp'n at 9, Dkt. 15. Alternatively, the defendants invoke the Court's diversity jurisdiction. *Id.* at 31.

### A. Removability Under the Class Action Fairness Act

"CAFA gives federal courts jurisdiction over certain class actions," *Dart Cherokee Basin Operating Co.*, 574 U.S. at 84, and defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action," 28 U.S.C. § 1332(d)(1)(B). Whether an action falls within the class action definition of CAFA depends on "how the action was actually filed." *Zuckman v. Monster Beverage Corp.*, 958 F. Supp. 2d 293, 305 (D.D.C. 2013).

Toxin Free filed this action pursuant to two subsections of the DCCPPA's private attorney general provision, D.C. Code § 28-3905(k)(1). *See* Compl. ¶¶ 86–87, 90–93. The first, § 28-3905(k)(1)(C), permits a "nonprofit organization" to bring a DCCPPA action "on behalf of itself or any of its members, or any such behalf and on behalf of the general public." The second, § 28-3905(k)(1)(D), permits a "public interest organization" to bring a DCCPPA action "on behalf of the interests of a consumer or a class of consumers."

"Absent the hallmarks of Rule 23 class actions; namely, adequacy of representation, numerosity, commonality, typicality, or the requirement of class certification, courts have held that private attorney general statutes lack the equivalency to Rule 23 that CAFA demands." *Nat'l Consumers League v. Flowers Bakeries, LLC*, 36 F. Supp. 3d 26, 36 (D.D.C. 2014)

4

(internal quotation marks omitted).  In other words, private attorney general statutes, standing alone, do not typically qualify as a Rule 23 equivalent under CAFA.  To be sure, § 28-3905(k)(1)(D) of the DCCPPA authorizes class actions, but it does not *require* them.  *See Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64, 76 n.5 (D.D.C. 2014).  The DCCPPA lacks the "requisite procedural safeguards" to qualify as a state statute sufficiently equivalent to Rule 23 as required by CAFA, *Zuckman*, 958 F. Supp. 2d at 305, and as a result, "removal is not permitted under CAFA's class action provision for actions brought by a private attorney general under D.C. Code § 28–3905(k)(1)" when the action is "not brought [as] a class action under D.C. Superior Court Rule 23," *Flowers Bakeries, LLC*, 36 F. Supp. 3d at 36.

When Toxin Free filed this case in D.C. Superior Court, it did not label it as a class action or reference Rule 23 of the D.C. Superior Court Rules of Civil Procedure or Rule 23 of the Federal Rules of Civil Procedure.  *See Zuckman*, 958 F. Supp. 2d at 305.  Nor did it "allege that Rule 23's requirements, such as numerosity or typicality, ha[d] been met." *Id.*  To the contrary, it unequivocally "disclaimed any intention to seek class certification" both before and after its discovery requests.  *Hackman v. One Brands, LLC*, 18-cv-2101, 2019 WL 1440202, at *3 (D.D.C. Apr. 1, 2019) (internal quotation marks omitted).  The references to class certification in the discovery requests by themselves did not convert this action into a class action; what matters in assessing jurisdiction under CAFA is "how the action was actually filed." *Zuckman*, 958 F. Supp. 2d at 305.

In a final attempt to secure CAFA jurisdiction, the defendants point to the District of Columbia Court of Appeals' decision in *Rotunda v. Marriott International, Inc.*, which held that a plaintiff bringing a representative suit for damages under the DCCPPA must comply with Rule 23's requirements.  *See* 123 A.3d 980, 985–89 (D.C. 2015).  The defendants argue that this

5

decision requires Toxin Free to bring this case "within the Rule 23 framework," and thus, it qualifies as a class action under CAFA.  *See* Defs.' Opp'n at 12 (internal quotation marks omitted).  But this is an overly broad reading of *Rotunda*, which limited its holding to claims for damages.  *See Rotunda*, 123 A.3d at 989*; see also Hackman*, 2019 WL 1440202, at *4–5 (limiting *Rotunda* to suits for money damages); *Smith v. Abbott Labs, Inc.*, No. 16-cv-501, 2017 WL 3670194, at *2 (D.D.C. Mar. 31, 2017) (same).  And the *Rotunda* court's concern—that not requiring compliance with Rule 23 would preclude members of the public from asserting their own claims for damages, *see Rotunda*, 123 A.3d at 986—does not apply here, *see Animal Legal Def. Fund*, 249 F. Supp. 3d at 65 (D.D.C. 2017), because Toxin Free seeks injunctive relief and not damages on behalf of the general public, *see* Compl. at 18.  Regardless, whether "this case must be litigated as a class action is a merits question to be assessed at the motion to dismiss stage."  *Hackman,* 2019 WL 1440202, at *5 (alterations and internal quotation marks omitted).  Because Toxin Free did not bring this case as a class action under Rule 23, and the defendants have not shown that D.C. law requires treating it as such, CAFA does not confer federal jurisdiction.

    **B.**    **Diversity Jurisdiction**

Under 28 U.S.C. § 1332(a), district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."  Here, the parties do not dispute there is complete diversity.  Instead, they disagree about the amount-in-controversy requirement and specifically, whether the defendants' estimated compliance costs of close to $11 million must be apportioned amongst the members of the general public of Washington, D.C. on whose behalf Toxin Free brings this action for injunctive relief.  *See* Defs.' Opp'n at 30, 32–33.

Courts in this district have consistently held that defendants removing DCCPPA actions "cannot rely on the total cost of compliance with the plaintiff's requested injunction to establish the amount-in-controversy" requirement of § 1332(a). *Organic Consumers Ass'n v. R.C. Bigelow, Inc.*, 314 F. Supp. 3d 344, 350 (D.D.C. 2018) (internal quotation marks omitted). Instead, "the cost of the injunction must be divided pro rata among District of Columbia consumers." *Food & Water Watch, Inc. v. Tyson Foods, Inc.*, No. 19-cv-2811, 2020 WL 1065553, at *5 (D.D.C. Mar. 5, 2020)). As these cases explain, allowing defendants to rely on the total cost of compliance would violate the nonaggregation principle. *Organic Consumers Ass'n*, 314 F. Supp. 3d at 350; *see also Animal Legal Def. Fund*, 249 F. Supp. 3d at 60 (collecting cases). Under the nonaggregation principle, "the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." *Snyder v. Harris*, 394 U.S. 332, 335 (1969). The Court sees no reason to depart from the consensus of courts in this district.

Resisting this authority, the defendants argue that their compliance costs should not be apportioned because those costs are not affected by the number or identity of individuals in the general public on whose behalf Toxin Free brings this action. *See* Defs.' Opp'n at 33. "But courts in this jurisdiction have repeatedly rejected this argument." *Food & Water Watch, Inc.*, 2020 WL 1065553, at *4 (citing cases). As they have explained, the relevant question is "whether [Toxin Free] and the members of the general public have separate and distinct claims that could be brought independently against Defendant[s] with respect to the challenged conduct." *Animal Legal Def. Fund*, 249 F. Supp. 3d at 61. And here, each member of the general public on whose behalf Toxin Free seeks injunctive relief could pursue a claim against

7

the defendants under the DCCPA for the alleged conduct challenged in this action. *See id.* at 61–62; *Food & Water Watch, Inc.*, 2020 WL 1065553, at *4–5.

The sole exception to the nonaggregation principle is when "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." *Snyder*, 394 U.S. at 335. But Toxin Free does not seek any integrated claim for relief—like disgorgement of the defendants' profits—that would hold defendants generally liable for a fixed amount in which the members of the general public in Washington, D.C. would have a common and undivided interest. Consequently, the defendants' compliance costs cannot be aggregated to satisfy the amount in controversy requirement. *See id.*; *see also Food & Water Watch, Inc.*, 2020 WL 1065553, at *4.

The defendants have not demonstrated "that the cost of the injunction divided pro rata among the members of the general public of Washington, D.C. would exceed the jurisdictional threshold." *Animal Legal Def. Fund*, 249 F. Supp. 3d at 60–61. Because they have not satisfied the amount-in-controversy requirement, the Court lacks jurisdiction under 28 U.S.C. § 1332(a).

### C. Attorney's Fees

Pursuant to 28 U.S.C. § 1447(c), both parties seek "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See* Pl.'s Mot. at 23; Defs.' Conditional Mot. for Fees and Costs at 1. "Absent unusual circumstances," such an award may be made "only where the removing party lacked an objectively reasonable basis for seeking removal," *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), and a party lacks such a basis "[w]here non-removability is obvious or contrary to well-settled law," *Nat'l Consumers League v. Gen. Mills, Inc.*, 680 F. Supp. 2d 132, 141 (D.D.C. 2010). Neither party is entitled to such an award.

The defendants' arguments regarding removability are not objectively unreasonable because there is "no clear, controlling case law from the D.C. Circuit." *See Breakman v. AOL, LLC*, 545 F. Supp. 2d 96, 108 (D.D.C. 2008) (internal quotation marks omitted); *see also Breathe DC v. Santa Fe Nat. Tobacco Co.*, 232 F. Supp. 3d 163, 172 (D.D.C. 2017) ("Given the lack of controlling precedent in this Circuit . . . and notwithstanding the thrust of the opinions of the district courts in this Circuit, defendants did not lack an 'objectively reasonable basis for removal.'"). An award of fees to Toxin Free therefore is not warranted.

Nor does Toxin Free's reference to class certification in its discovery requests justify an award of fees to the defendants. While Toxin Free provided "incorrect information" which led the defendants to believe that jurisdiction existed, *see* Defs.' Opp'n at 35, this misstep occurred months into this litigation, *see* Notice of Removal ¶¶ 1–2, and only after Toxin Free had repeatedly and unequivocally disavowed that this case was a class action. This error does not constitute the type of "unusual circumstances," *see, e.g.*, *Dragacevac v. Fed. Title & Escrow Co.*, No. 13-cv-1374, 2013 WL 12191956, at *1–2 (D.D.C. Oct. 29, 2013), that justify awarding fees and costs to the removing party under 28 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons, the Court grants Toxin Free's motion to remand, denies Toxin Free's request for fees and costs, and denies the defendants' conditional motion for fees and costs. A separate order consistent with this decision accompanies this memorandum opinion.

November 30, 2020

DABNEY L. FRIEDRICH
United States District Judge

9